UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STEPHEN T. MITCHELL,

                        Plaintiff,

v.

NEW YORK STATE, and LETITIA JAMES,
Attorney General of the State Of New York,

                        Defendants.

**MEMORANDUM AND ORDER**
22-CV-1747 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

    Stephen T. Mitchell ("Plaintiff"), proceeding pro se, brings the instant action against Defendants the State of New York and Letitia James ("Defendants") pursuant to 42 U.S.C. § 1983, alleging violations of his Fifth, Sixth, and Fourteenth Amendment rights. Defendants move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the amended complaint in its entirety.

## BACKGROUND[1]

    On October 5, 2010, Plaintiff was arrested and charged with Grand Larceny in the Second Degree in the Supreme Court of the State of New York, Kings County. (Am. Compl. ¶ 5, ECF No. 7; Am. Compl. Ex. 23, ECF No. 7-3.) Plaintiff pleaded not guilty. (Am. Compl. ¶ 5.) Plaintiff alleges that at different points during the pre-trial, trial, and post-trial proceedings, state judicial officers and prosecutors knowingly violated Plaintiff's constitutional rights. (*Id.* ¶¶ 20, 25.) Specifically, Plaintiff claims that the indictment "was procured by fraud because [prosecutors] knowingly allowed false testimony regarding the mental capabilities of [a witness] to be presented to the grand jurors." (*Id.* ¶¶ 12–13.) Plaintiff further alleges that the trial court

---

[1] The following facts are taken from the amended complaint (ECF No. 7) and are assumed to be true for the purpose of this motion.

denied him the opportunity to testify and to be heard in his own defense; allowed a witness to provide false testimony against him regarding material issues during the trial; and denied him the right to cross-examine a witness.  (*Id.* ¶¶ 28–32.)  After the trial, Plaintiff was convicted of Grand Larceny in the Second Degree.  (*Id.* ¶ 16.)  Plaintiff has exhausted his state court appeals.  (*Id.* ¶ 18.)

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden of establishing beyond a preponderance of the evidence that subject matter jurisdiction exists.  *Id.*  "In reviewing a Rule 12(b)(1) motion to dismiss, the court "'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[ ].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (citing *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir.2004)).  Further "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have

been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Still, "even pro se plaintiffs asserting civil right[s] claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I.    Article III Standing

Defendants argue that Plaintiff does not have standing to assert his claims. (Defs.' Mem. Supp. of Mot. to Dismiss ("Defs.' Mem.") at 4–5, ECF No. 17.) Specifically, Defendants contend that Plaintiff failed to establish that Defendants caused his alleged injuries or that Defendants can provide the requested relief. (*Id.*) The Court agrees.

To establish standing, a plaintiff must show: (i) a concrete and particularized, and actual or imminent, invasion of a legally protected interest; (ii) a causal connection between the invasion and the alleged injury; and (iii) a likelihood that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Critically, any alleged injury must be fairly traceable to the challenged action of the defendant and not the result of an independent action of some third party not before the court. *See N.Y. Coastal P'ship, Inc. v. U.S. Dep'. of Interior*, 341 F.3d 112, 116 (2d Cir. 2003). Further, it must be "likely," and not "speculative," that the alleged injury will be redressed by a favorable decision of the court. *Lujan*, 504 U.S. at 560–61. In addition, when a plaintiff seeks injunctive or declaratory relief, he "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that [he] will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir.

3

1998) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105–06 (1983)). Plaintiff's amended complaint fails to satisfy any of these requirements.

*First*, Plaintiff claims that the New York State courts and certain unnamed New York state prosecutors violated his constitutional rights. (Am. Compl. ¶¶ 11, 19–21, 30–36, 360–61, 378.) However, Plaintiff names only the State of New York and Letitia James, New York's Attorney General, as Defendants. Unsurprisingly, there are no allegations of conduct attributable to the State of New York, and Attorney General James is mentioned only twice in the amended complaint—once in the caption and once in Paragraph Two identifying her as a defendant. (Am. Compl. ¶ 2.) There are simply no allegations that might allow the Court to find that Plaintiff's alleged injury is traceable to either Defendant. (*See generally* Am. Compl.)

*Second*, the amended complaint is devoid of any allegation that might establish the requisite redressability of Plaintiff's claims. Redressability focuses "on whether the *injury* that a plaintiff alleges is likely to be redressed through the litigation." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 287 (2008). To satisfy the redressability requirement, a plaintiff must demonstrate that "it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit." *Id.* at 273–74 (internal quotation marks and citation omitted). Here, Plaintiff asks the Court "to grant relief pursuant to 42 U.S.C. § 1983 in the same manner as if the Plaintiff-Petitioner was successful with a 28 U.S.C. § 2254 application." (Am. Compl. at p.71.) Among other things, Plaintiff seeks an order directing the state court to order a new trial and directing Defendants to vacate and expunge his conviction.[2] (*Id.* ¶ 24.) However, Sections 2254 and 1983 are not interchangeable. "In order for a federal court to have jurisdiction over a [Section 2254] habeas petition, the petitioner must be 'in

---

[2] Plaintiff also requests that the Court expunge his criminal conviction. (Am. Compl. ¶¶ 24, 37.) However, the Court is unaware of a mechanism under New York law that would allow for a criminal record to be expunged.

4

custody pursuant to the judgment of a State court' at the time the petition is filed." *Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017) (quoting 28 U.S.C. § 2254(a)). Because Plaintiff asserts that he is "no longer [] within the custody and control of the State of New York," habeas relief is not available to him and such relief cannot be granted pursuant to Section 1983. (Am. Compl. ¶ 4.) *See Teichmann v. New York*, 769 F.3d 821 (2d Cir. 2014) (finding that "while broad in its equitable and legal remedies—[Section 1983] does not recognize a declaration of innocence, standing alone, as a cognizable form of relief.")

*Third*, Plaintiff seeks declaratory and injunctive relief based only upon past injures. Specifically, Plaintiff alleges constitutional violations that occurred during his state court criminal trial. (Am. Compl. ¶¶ 20, 25.) But, again, when a plaintiff seeks injunctive or declaratory relief, he "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that [he] will be injured in the future." *Deshawn E. by Charlotte E.*, 156 F.3d at 344.

Simply put, Plaintiff lacks standing.

## II.     Immunity

Even if Plaintiff had established standing to bring his claim, his amended complaint would nonetheless be dismissed under sovereign immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). Eleventh Amendment immunity also extends to "state officials acting in their official capacities." *Huang v. Johnson*, 251 F.3d 65, 70 (2d Cir. 2001). Because Plaintiff has offered no evidence that New York State consented to be subject to suit in this context, or

5

that its immunity has been otherwise abrogated, the State of New York and Attorney General James are plainly entitled to sovereign immunity.

Conceivably, under the *Ex Parte Young* exception, a plaintiff may bring "'a suit [for injunctive relief] challenging the constitutionality of a state official's actions in enforcing state law' under the theory that such a suit is not 'one against the State,' and therefore [is] not barred by the Eleventh Amendment." *CSX Transp., Inc. v. N.Y. Off. Real Prop. Servs.*, 306 F.3d 87, 98 (2d Cir. 2002) (quoting *Ex Parte Young*, 209 U.S. 123, 154 (1908)). But to do so, the complaint must both allege an ongoing violation of federal law and seek relief properly characterized as prospective. *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007). Further, a plaintiff must show that the "state officer against whom a suit is brought '[has] some connection with the enforcement of the act' that is in continued violation of federal law." *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372–73 (2d Cir. 2005) (quoting *Ex Parte Young*, 209 U.S. at 154). Plaintiff's complaint fails to meet any of these elements.[3] Clearly there is no ongoing violation of federal law because Plaintiff alleges constitutional violations that occurred during his state court criminal trial. And, the relief he seeks is purely retrospective because he seeks to overturn his past criminal conviction. (Am. Compl. at p. 71.) Courts have dismissed claims seeking this exact type of relief against state officers. *See, e.g.*, *Molina v. James*, No. 21-CV-3144, 2022 WL 813815, at *5 (E.D.N.Y. Mar. 17, 2022) (dismissing plaintiff's claim for injunctive relief against Attorney General James seeking an order directing defendants to vacate

---

[3] Plaintiff filed a letter on October 5, 2022 requesting that the Court allow him to file his second amended complaint to include Eric Gonzalez, Esq., the Kings County District Attorney, and the Kings County District Attorney's Office as defendants. (*See* ECF No. 20.) Plaintiff's request is denied. Even if the Court granted Plaintiff leave to amend and add these Defendants, suit against these Defendants are similarly barred under the Eleventh Amendment. *See, e.g.*, *Burris v. Nassau Cnty. Dist. Att'y*, No. 14-CV-5540, 2017 WL 9485714, at *4 (E.D.N.Y. Jan. 12, 2017) (collecting cases establishing that it is well settled in the Second Circuit that § 1983 suits against a district attorney in his official capacity and a district attorney's office are barred by the Eleventh Amendment because prosecutorial decisions made by both entities are made in a quasi-judicial capacity, and thus they represent the state, not the county). In other words, such an amendment would be futile.

his state criminal judgment, in part, because this relief was retrospective, which plaintiff could not rely on to use the *Ex Parte Young* exception). In addition, Plaintiff fails to allege how Attorney General James participated in or was connected to the violative conduct. Therefore, the *Ex Parte Young* exception does not apply to Attorney General James.

### III. *Rooker-Feldman* Doctrine

Plaintiff's claims are also barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (citation omitted). That is, because "federal district courts are granted original—and not appellate—jurisdiction, cases that function as *de facto* appeals of state-court judgments are therefore jurisdictionally barred." *Id.* The *Rooker-Feldman* doctrine is properly invoked where: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645. Here, all four factors are met. Plaintiff complains that he was "unconstitutionally convicted and incarcerated," after a state court trial in 2014—almost nine years prior to the commencement of this action. (Am. Compl. ¶¶ 16, 21.) Because Plaintiff challenges the validity of his state court criminal conviction, he necessarily invites the Court to review the judgment of conviction. (*Id.* ¶¶ 16, 20, 24 and ECF p. 71.) Dismissal is warranted. *See Molina*, 2022 WL 813815, at *5 (dismissing plaintiff's request for an injunction to dismiss his criminal conviction as barred by the *Rooker-Feldman* doctrine).[4]

---

[4] Although Defendants raise arguments for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in light of the findings set forth above, the Court need not reach those arguments.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

SO ORDERED.

Dated:  Brooklyn, New York
      March 31, 2023

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge